**Tim Eblen, Oregon Bar No. 050252**
Trial Attorney for Plaintiff
Eblen Freed LLP
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
tim@eblenfreed.com
Phone 503-548-6330
Fax 503-548-6333
**Michelle Freed, Oregon Bar No. 042880**
Of Attorneys for Plaintiff
Eblen Freed LLP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARY JO THOMAS,** a consumer residing in Multnomah County, <br><br> Plaintiff, <br><br> v. <br><br> **PORTFOLIO RECOVERY ASSOCIATES, LLC,** a Virginia limited liability company, <br><br> Defendant. | Case No. 3:15-cv-1261 <br><br> **COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692** *et seq.***) AND VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT (15 U.S.C. § 1693** *et seq.***)** |

**DEMAND FOR JURY TRIAL**

## JURISDICTION AND THE PARTIES

The United States District Court for the District of Oregon has jurisdiction of this action pursuant to 28 USC §§ 1331.

///

///

**COMPLAINT** - Page 1

1.

Plaintiff Mary Jo Thomas (Thomas) is a natural person residing in Multnomah County, Oregon.

2.

Defendant Portfolio Recovery Associates, LLC (Portfolio) is a Virginia limited liability company, regularly doing business in Multnomah County.

3.

The venue and division of this Honorable Court are proper because the majority of Portfolio's acts and omissions were directed at Ms. Thomas while she resided in Multnomah County, Oregon.

**FACTUAL HISTORY**

4.

In about February, 2014, Thomas communicated with Portfolio concerning an unpaid credit card account, a branded American Airlines credit card with an account number ending in -9787 (hereafter "Debt").

5.

At that time, Thomas communicated to Portfolio that she does not dispute the Debt, and that she wanted to set up payment arrangements to pay off the Debt.

///

///

6.

At that time, Portfolio told Thomas that it would be willing to enter into an agreement with her to allow her to make payments on the Debt, at the rate of $50 each month, provided that she agreed to make each payment with a preauthorized electronic funds transfer.

7.

At that time, Thomas refused to agree to pay with a preauthorized electronic funds transfer, but stated she would make each payment as agreed.

8.

At that time, Thomas did not understand that by refusing to agree to pay with a preauthorized electronic funds transfer, Portfolio was not willing to allow her to make payments on the Debt at the rate of $50 each month.

9.

On or about March 1, 2014, Thomas made her first $50 payment directly to Portfolio.

10.

On or about April 3, 2014, Thomas made another $50 payment directly to Portfolio.

11.

On or about May 15, 2014, Thomas made another $50 payment directly to Portfolio.

12.

On or about June 3, 2014, Thomas made another $50 payment directly to Portfolio.

13.

Portfolio retained the services of legal counsel, who proceeded to take actions on the Debt on Portfolio's behalf.

///

**COMPLAINT** - Page 3

14.

On about June 30, 2014, Portfolio commenced a lawsuit against Thomas for nonpayment of the Debt, Multnomah County Circuit Court Case No. 14CV08218 (hereafter "Lawsuit").

15.

On July 8, 2014, Portfolio perfected service upon Thomas of the summons and complaint for the Lawsuit.

16.

Portfolio, through its counsel's office, communicated with Thomas after it filed the Lawsuit.

17.

Thomas explained she was already on payment arrangements with Portfolio's office for $50 each month, and she explained that she was currently on unpaid medical leave which impacted her ability to pay.

18.

Portfolio, through its counsel's office, told Thomas that it would only enter into a payment arrangement if Thomas would agree to pay $125 each month on the Debt.

19.

After Thomas said she could not make those monthly payments, Portfolio, through its counsel's office, communicated that it would proceed with the lawsuit against her.

20.

At this point, Thomas realized for the first time that Portfolio did not intend to allow her to make $50 per month payments on the Debt, as was agreed to in about February, 2014.

///

**COMPLAINT** - Page 4

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

For her First Claim for Relief against Defendant, Plaintiff alleges as follows:

21.

Ms. Thomas is a "consumer" as defined by the Fair Debt Collection Practices Act (hereafter "FDCPA") 15 USC § 1692a(3) because she is a natural person allegedly obligated to pay a debt to Asset.

22.

Ms. Thomas' obligation to pay Portfolio is a "debt" as defined by the FDCPA 15 USC § 1692a(5) because it arises out of a consumer transaction.

23.

Portfolio is a "debt collector" as defined by the FDCPA 15 USC § 1692a(6) as it regularly represents to consumers that it is attempting to collect a debt on behalf of another, its principal purpose is providing legal services to debt collectors, and it regularly communicates with consumers regarding defaulted debt, which communications include use of the United States mail system.

24.

The debt at issue in Plaintiff's complaint is a debt as defined by the FDCPA, 15 USC 1692a(5) because the transaction at issue was primarily for personal, family, or household purposes.

///

///

///

**COMPLAINT** - Page 5

25.

Defendant violated the FDCPA in one or more of the following ways:

a. By misrepresenting the character or legal status of the debt when it represented to Ms. Thomas that it would agree to accept $50 payments each month to be applied towards the Account, without communicating to her that it would proceed to commence this lawsuit, when it knew or should have known that the Plaintiff believed the payments would stop any legal action in violation of 15 USC 1692e, (2)(A), (10); 1692f.

b. By misrepresenting the amount of the debt when the defendant commenced the lawsuit and represented to Ms. Thomas that the amount of its claim is $1,438.00, in violation of 15 USC 1692e(2)(A),

c. By misrepresenting the amount of the debt when, after filing the lawsuit, the Defendant sent Ms. Thomas a proposed settlement agreement that included a Stipulated Judgment in the amount of $1,826.00, in violation of 15 USC 1692e(2)(A).

d. By telling Ms. Thomas that it would only agree to a $50 per month payment arrangement, if she agreed to allow the payments to be made via an electronic funds transfer, in violation of 15 USC 1692e, (5); 1692f.

26.

Portfolio's violations of the FDCPA have caused Defendant actual damages including, but not limited to, shame, humiliation, embarrassment, anger, depression, worry, fear, stress, anxiety, lack of sleep, body aches, in an amount to be determined at trial, and not to exceed $100,000. Defendant has a right to recover these damages pursuant to 15 USC 1692k(a)(1).

**COMPLAINT** - Page 6

27.

Defendant has a right to recover additional statutory damages in an amount not to exceed $1,000, pursuant to 15 USC 1692k(a)(2).

28.

Defendant has a right to recover her costs and reasonable attorney fees incurred in bringing this claim, pursuant to 15 USC 1692k(a)(3).

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

For her Second Claim for Relief against Defendant, Plaintiff alleges as follows:

29.

Thomas is a "consumer" as defined by the Electronic Funds Transfer Act (hereafter "EFTA") 15 USC § 1693a(6) because she is a natural person.

30.

Portfolio's offer to allow Thomas to defer payment of the Debt over a period of time was an offer of "extension of credit" pursuant to 15 USC § 1693k.

31.

Defendant violated the EFTA in one or more of the following ways:

a. By refusing to extend credit to Thomas because she refused to enter into a preauthorized electronic funds transfer to facilitate repayment, in violation of 15 USC 1693k.

///

///

///

**COMPLAINT** - Page 7

32.

Portfolio's violation of the EFTA has caused Defendant actual damages including, but not limited to, shame, humiliation, embarrassment, anger, depression, worry, fear, stress, anxiety, lack of sleep, body aches, in an amount to be determined at trial, and not to exceed $100,000. Defendant has a right to recover these damages pursuant to 15 USC 1693m(a)(1).

33.

Defendant has a right to recover additional statutory damages in an amount not to exceed $1,000, pursuant to 15 USC 1693m(a)(2)(A).

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**COMPLAINT** - Page 8

34.

Defendant has a right to recover her costs and reasonable attorney fees incurred in bringing this claim, pursuant to 15 USC 1693m(a)(3).

**Wherefore Plaintiff prays for the following relief**:

For her first claim for relief against Defendant:

1. For a judgment against Defendant and in favor of Plaintiff;
2. A statutory damage award of $1,000;
3. An award for Defendant's Actual Damages in an amount to be determined at trial, and not to exceed $100,000.
4. An award for Plaintiff's Attorney Fees and Costs.

For her second claim for relief against Defendant:

1. For a judgment against Defendant and in favor of Plaintiff;
2. A statutory damage award of $1,000;
3. An award for Defendant's Actual Damages in an amount to be determined at trial, and not to exceed $100,000.
4. An award for Plaintiff's Attorney Fees and Costs.

DATED: July 8, 2015.

RESPECTFULLY FILED,

/s/ Tim L. Eblen
**Tim Eblen, Oregon Bar No. 050252**
Trial Attorney for Plaintiff
Eblen Freed LLP
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
tim@eblenfreed.com
Phone 503-548-6330
Fax 503-548-6333